IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 22-10070-01-JWB

HECTOR MATIAS MARTINEZ-SARINANA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's motion (Doc. 12) for review of the magistrate judge's order of release pending trial. For the reasons stated herein, the government's motion (Doc. 12) is GRANTED, the magistrate judge's order of release is REVOKED, and Defendant is committed to the custody of the Attorney General pending trial.

**I. Facts and Procedural History**

On September 21, 2022, a one-count indictment was filed alleging that on or about August 9, 2022, in the District of Kansas, Defendant, who is not a citizen or national of the United States, and who was removed from the United States on October 28, 2020, and who failed to obtain lawful consent from the Attorney General or Secretary of Homeland Security to reapply for admission into the United States, was found in Ellsworth County, Kansas, after knowingly and voluntarily re-entering the United States, in violation of 8 U.S.C. § 1326(b)(1). (Doc. 1.)

Defendant appeared before the magistrate judge for a detention hearing on October 14, 2022. The following facts appear in a Pretrial Services Report prepared by a United States Probation Officer. The personal information in the report was provided by Defendant's mother.

Defendant declined to be interviewed for the report.  Defendant is a 32-year-old citizen of Mexico.  His parents both now live in Topeka, Kansas.  Defendant's mother is a naturalized U.S. citizen; his father is a resident alien.  Defendant has two half-siblings who live in Durango, Mexico, and are nationals of Mexico.

Defendant entered into a common law relationship in 2015 with Lizbeth Garcia.  They have two children together, ages 6 and 5.  Defendant has two children (ages 12 and 11) from a prior relationship.  All of the children live with their mothers.  Defendant reported to immigration officials on September 19, 2022, that he is married to Ms. Garcia, who is a national of Mexico, although he did not know her whereabouts at that time.  Defendant's mother does not believe Defendant and Garcia are still together but she does not know for sure.

According to records, Defendant has lived in Mexico on and off throughout his life.  Defendant has been deported from the United States to Mexico at least five times: Feb. 17, 2012; Jan. 14, 2013; May 14, 2015; Nov. 13, 2019; and Oct. 28, 2020.  Immigration officials have lodged an immigration detainer against him.

Defendant did not provide any residential history to immigration officials.  According to a 2020 Presentence Report (PSR), Defendant reported a history of having lived in the following places (in order): Mexico, New Mexico, Colorado, Texas, Kansas, Wyoming, Kansas, federal custody, Mexico, Colorado, Kansas, and Mexico.  His mother reported he has lived in Topeka, Kansas, for six years, although records reflect he was deported in that period.  According to the Pretrial Services Report, Defendant would live with his mother if he is released on bond.  She resides alone and rents a home in Topeka.

Defendant's mother reports that Defendant has worked in the construction field his entire life.  Defendant reports no assets or liabilities, and no health problems.  In Defendant's 2020 PSR,

it was noted that he reported a history of substance abuse, including daily use of methamphetamine three years previously (that is, in 2017). Defendant's mother advised she did not know if Defendant used drugs and said she had never seen him do so, but that his behavior prior to being arrested led her to suspect he was using something.

Defendant's prior criminal record includes a 2006 conviction for driving while suspended; 2009 conviction for possession with intent to sell opiates and domestic battery; 2010 conviction for cruelty to animals; 2010 conviction for vehicular homicide; 2010 conviction for driving while suspended; 2011 conviction for possession of opiates; 2012 conviction for illegal re-entry into the United States; 2014 conviction for re-entry of a removed alien; 2017 conviction for driving while suspended; 2019 conviction for no vehicle liability insurance; and 2019 conviction for re-entry of a removed alien. Records indicate he had warrants issued against him for failure to appear on six occasions related to the foregoing cases. He had probation or supervision revoked on at least two occasions. He remains on a term of supervised release in Case No. 19-04086 in U.S. District Court for the Western District of Texas; that court advised they are in the process of preparing a petition to revoke his supervised release.

Immigration records report Defendant is a Sureno-13 gang associate. Defendant's prior PSR states that he claimed gang affiliation upon his arrest but denied it to the presentence writer.

The government moved for detention pending trial, relying primarily on an assertion that Defendant was a flight risk, although it also argued he was a danger to the community. The magistrate judge ordered Defendant's release on bond with a condition that he "reside with [his] parents" (Doc. 11 at 2), noting that Defendant's failures to appear "were … over ten years ago," and that he "obviously … wants to be in the United States [because] he keeps coming here." (Doc. 14 at 7, 11.) The magistrate judge acknowledged the numerous places Defendant had previously

lived, which gave her "cause for concern" about him being a flight risk, but stated there was nothing to demonstrate he was a danger. (*Id.* at 12.) The magistrate judge said she "cannot in good conscience order that you be detained because I would be doing that strictly because of your status," and "I don't think I can do that." (*Id.* at 13.)

The court initially scheduled the government's motion for a hearing. After reviewing the record, however – including the transcript of the detention hearing before the magistrate judge – the court concludes the record shows that the government has met its burden of showing that detention is appropriate.

**II. Standards**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;

>(3) the history and characteristics of the person, including-
>
>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of flight risk or danger to the community in certain cases, but that presumption does not apply here. *See* 18 U.S.C. § 3142(e). The government has the burden to prove flight risk by a preponderance of the evidence and to prove dangerousness by clear and convincing evidence. *United States v. Dermen*, 779, Fed. App'x 497, 500–01 (10th Cir. 2019).

### III. Analysis

**A. Nature and circumstances of the offense**. Defendant is charged with unlawful re-entry under 8 U.S.C. § 1326, an offense to which he has pled guilty on two prior occasions. The penalty for the offense charged includes the possibility of imprisonment for a term of not more than ten years. 8 U.S.C. § 1326(b)(1). At the time of this alleged offense, Defendant was still on supervised release in Case No. 19-04086 in the Western District of Texas. The alleged repetition of the offense while still on supervision for a prior commission of the same offense indicates a significant probability that Defendant will not abide by conditions placed on him by this court. This factor favors detention.

**B. Weight of the evidence**. The weight of the evidence against Defendant appears strong, given the prior convictions for essentially the same charge and the absence of any indication

Defendant obtained permission in the interim to lawfully reenter the United States. This factor also weighs in favor of detention.

**C. History and characteristics of Defendant**. Defendant has a history of being in the United States unlawfully and of repeated removals. He has a prior history of substance abuse. He has allegedly worked in the construction industry in the past but that employment is not documented or verified. He reports no assets or debts. Defendant's prior residences are not documented or verified, and the available information indicates he has lived in Mexico on and off as well as in various parts of the United States. Defendant has some family in Topeka, including his children and his parents, and he has lived there for some undetermined period in the past, but he does not appear to have substantial ties to that community. Moreover, Defendant has ties to Mexico and has lived there in the past. Defendant's past includes serious prior criminal convictions, including possession with intent to sell opiates and vehicular homicide. He has a significant history of failing to appear as required for court proceedings, and a history of violating court-imposed conditions of probation and supervised release. He was allegedly under supervised release at the time of this offense. Collectively, these factors weigh strongly in favor of detention.

**D. Nature and seriousness of danger.** For purposes of the instant motion, the court does not find that Defendant's release would pose a danger to other persons or the community.

In sum, based on its consideration of the factors in § 3142(g), the court finds the government has shown by a preponderance of the evidence there are no conditions or combination of conditions that will reasonably assure the Defendant's appearance as required in this case. Defendant's lack of substantial long-term ties to this community, as well as his long history of engaging in criminal conduct, of failing to appear as required for court hearings, and of violating conditions while on probation or supervised release, all lead the court to conclude that Defendant

would be unlikely to comply with court conditions requiring him to appear as required and indicate a significant risk of flight. The court concludes there is no condition or combination of conditions that would assure Defendant's appearance as required if he were released.

### IV. Conclusion

The government's motion for review and to revoke the magistrate judge's order of release (Doc. 12) is GRANTED. The magistrate judge's order of release (Doc. 11) is hereby REVOKED. The court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 25th day of October, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE